IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| TED MILES ELLISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 6:11-cv-03310-TMC |
| v. ) | |
| ) | **ORDER** |
| KASEMAN, LLC; CADDELL ) | |
| CONSTRUCTION COMPANY; ) | |
| CONTINENTAL INSURANCE COMPANY, ) | |
| successor by merger to FIDELITY & ) | |
| CASUALTY COMPANY OF NEW YORK, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on motions to dismiss by all three defendants – Caddell Construction Company (Caddell), Continental Insurance Company (Continental), and Kaseman, LLC (Kaseman). (Dkt. Nos. 29, 37, 40.) The plaintiff has filed responses to all three motions (Dkt. Nos. 42, 43, 51) and the defendants have replied to those responses (Dkt. Nos. 49, 50, 54). For the reasons set forth below, the defendants' motions are granted.

I. Background & Procedural History

The plaintiff, Ted Miles Ellison (Ellison), brought this action pro se[1] on December 6, 2011, alleging that, on September 12, 2007, while working for Caddell, a Kaseman employee stabbed him in his sciatic nerve with a hypodermic needle filled with an unknown substance in an effort to cover up a work-related injury. (Dkt. No. 1.) Ellison further alleges that, pursuant to an agreement between Caddell and Continental, Caddell and Kaseman employees instructed him to fill out the insurance paperwork in a particular way and threatened his freedom if he did not comply.

---

[1] Although Ellison originally brought this case pro se, he has been represented by counsel since May 23, 2012.

This, however, is not the first time the court has reviewed this case. Ellison originally filed suit in this court against only Caddell, on November 30, 2009, seeking damages from the same incident alleged here. Pro Se [Non-Prisoner] Complaint, *Ellison v. Caddell Construction Co. Inc.*, C/A No. 6:09-cv-03093 (D.S.C. Nov. 30, 2009) (Dkt. No. 1). But, on November 28, 2011, Ellison moved this court to dismiss his case, claiming that he had sued the wrong party. Plaintiff's Motion to Dismiss, *Ellison v. Caddell Construction Co. Inc.*, C/A No. 6:09-cv-03093 (D.S.C. Nov. 28, 2011) (Dkt. No. 145). The court granted the motion and dismissed the original action on November 29, 2011. Order, *Ellison v. Caddell Construction Co. Inc.*, C/A No. 6:09-cv-03093 (D.S.C. Nov. 29, 2011) (Dkt. No. 146). The current complaint, filed only one week later, adds Kaseman and Continental as defendants, but otherwise states the same claim. Ellison contends that he dismissed the original action because Caddell fraudulently informed him that he brought the suit against the wrong entity. (Dkt. No. 42 ¶ 3.)

The defendants have moved to dismiss the present matter. In their respective motions, all three defendants assert that the Defense Base Act is Ellison's exclusive remedy,[2] insufficiency of process and ineffective service, failure to state a claim, and that Ellison's claim is barred by the statute of limitations. In their motions, Caddell and Kaseman also raise the defense of res judicata. And, Kaseman raises the additional defense of lack of personal jurisdiction. The court agrees that Ellison's claim is time barred and, therefore, does not make any judgment as to the defendants' other claims and defenses.

## II. Legal Standard

In South Carolina, a plaintiff must commence "an action for assault, battery, or any injury to the person or rights of another" within three years "after [he] knew or by the exercise of

---

[2] Ellison has already sought and been awarded ongoing temporary total disability DBA benefits in connection with his injuries. *See Ellison v. Caddell Constr., Inc.*, No. 2008-LDA-00359, slip op. at 27 (U.S. Depart. of Labor, ALJ Dec., Dec. 4, 2009).

reasonable diligence should have known that he had a cause of action." S.C. Code Ann. § 15-3-530(5), 535. "South Carolina courts require an injured party to 'act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist.'" *Collins v. R.J. Reynolds Tobacco Co.*, 901 F. Supp. 1038, 1045-46 (D.S.C. 1995) (quoting *Snell v. Columbia Gun Exchange, Inc.*, 276 S.C. 301, 303 (1981)).

When multiple parties may be at fault, "[t]he important date under the discovery rule is the date that a plaintiff discovers the injury, not the date of the discovery of the identity of another alleged wrongdoer." *Tollison v. B & J Machinery Co., Inc.*, 812 F. Supp. 618, 620 (D.S.C. 1993) (injured employee not permitted to assert claim against employer's insurer based on theory that insurer's negligence led to employee's injuries where claim was made in amended complaint filed three years after the date of injury, even though insurer's identity was unknown to employee until later).

Additionally, "[w]hen an action is dismissed without prejudice, the statute of limitations will bar another suit if the statute has run in the interim." *Davis v. Lunceford*, 287 S.C. 242, 243 (1985) (citing *Don Shevey & Spires, Inc. v. American Motors Realty Corp.*, 279 S.C. 58 (1983)).

III.  Discussion

The court reads Ellison's complaint to allege assault, battery, and other claims related to an injury to his person and rights.[3]  Therefore, Ellison's case falls under the three-year statute of limitations set forth in South Carolina Code sections 15-3-530(5) and 15-3-535.  According to

---

[3] To the extent that Ellison's subsequent filings assert a conspiracy claim (*see* Dkt. No. 42 ¶ 3), the court does not read the complaint to include this claim on its face, even under the liberal standard we apply to pro se complaints, and, to the extent that he alleges fraud in the underlying incident, that claim is also barred by South Carolina's three-year statute of limitations, S.C. Code Ann. § 15-3-530(7).  If Ellison is now alleging fraud against Caddell related to the dismissal of his prior case, that claim does not appear anywhere in his complaint, and thus does not impact the court's ruling on the complaint and motions currently before it.

Ellison's complaint, the alleged incident took place on September 12, 2007. The court believes that Ellison, or any person of common knowledge and experience, would know that he had a claim against someone on the date of the incident on the facts alleged in the complaint. So, the applicable limitations period for Ellison's claim ran on September 12, 2010.

Ellison filed his original action within this time period, but only against Caddell. Kaseman and Continental, thus, did not have notice of the action until Ellison filed the present complaint on December 6, 2011, well after the end of the limitations period. As evidenced by his prior suit, Ellison knew that he had a claim against someone before the limitations period ran. South Carolina law does not allow a court to toll a limitations period until an injured party identifies all responsible parties, but instead the period continues to run from the date the party discovers the injury, despite any unknown potential defendants. Therefore, the statute of limitations clearly bars Ellison's claim against Kaseman and Continental and, accordingly, Kaseman's and Continental's motions to dismiss are granted.

Additionally, although Ellison filed his original suit against Caddell within the limitations period, the statute of limitations ran while that suit was pending. So, according to South Carolina law, when Ellison voluntarily dismissed that suit, he lost his right to subsequently re-file the same claim. Therefore, the statute of limitations also bars Ellison's claim against Caddell and, accordingly, Caddell's motion to dismiss is granted.

The court also notes that, in two of his responses to the defendants' motions to dismiss, Ellison references Federal Rule of Civil Procedure 60(b). (Dkt. Nos. 42 ¶ 4, 51 ¶ 4.) To the extent that these references can be construed as 60(b) motions, they are denied as moot in light of the court's ruling on the statute of limitations issue.

## IV. Conclusion

For the foregoing reasons, the defendants' motions to dismiss (Dkt. Nos. 29, 37, 40) are GRANTED.

IT IS SO ORDERED.

s/ Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
November 16, 2012